IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11516
Summary Calendar

_____

DAMON BANKHEAD,

Plaintiff-Appellant,

versus

RONALD DREWRY; PAUL DALTON;
CRAIG RAINES; THOMAS PEAVY, III,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:96-CV-148-BA
- - - - - - - - - -
November 25, 1997

Before WISDOM, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Damon Bankhead, Texas prisoner # 645905, filed a civil rights complaint under 42 U.S.C. § 1983 against several employees of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), alleging that prison guards violated his constitutional rights by not allowing him to use a particular restroom to cleanse himself prior to Ramadan prayer. Bankhead also alleged that he was retaliated against, in violation of his constitutional rights, for filing a grievance related to the above incident. The district court dismissed Bankhead's case

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the new screening provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A, because he had failed to state a claim upon which relief may be granted.  The district court did not commit reversible error.  We affirm.

Bankhead does not allege that he was unable to pray.  He has not shown that the instructions to use a different restroom interfered with his right to practice his religion in any significant manner.  Pedraza v. Meyer, 919 F.2d 317, 320 (5th Cir. 1990); O'Lone v. Estate of Shabazz, 482 U.S. 342, 345 (1987).  Bankhead has failed to state a claim upon which relief can be granted.  The district court properly dismissed his claim.

With respect to the allegation that prison officials transferred him in retaliation for filing the exercise-of-religion claim, Bankhead has failed to show any direct evidence of retaliatory motive or alleged a chronology of events from which retaliation might be plausibly inferred.  Whittington v. Lynaugh, 842 F.2d 818, 819-21 (5th Cir. 1988); see also Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 116 S. Ct. 800 (1996).  Bankhead argues that the transfer was to prevent his pursuing his grievance, but he admitted that his grievance was processed even after the transfer was effectuated.  Bankhead's claim is without merit.

AFFIRMED.